In the Matter of LAKE GEORGE STEAMBOAT Co., INC., et al., Respondents, v. ROBERT M. BLAIS et al., as Trustees of the Village of Lake George, et al., Appellants.

Third Department, July 15, 1971.

*Frederick G. Bascom* for Trustees of Village of Lake George, appellants.

*Donald M. Borth* for Lake George Marine Industries, Inc., and others, appellants.

*J. Richard Fitzgerald* for Peter Smith and another, appellants.

*Clark, Bartlett & Caffry (H. Wayne Judge* of counsel), for respondents.

HERLIHY, P. J.   Special Term found that the purpose of the action was to obtain an order directing the discontinuance of the private use of the docks and facilities of the village now being used by Lake George Marine Industries, Inc. (Marine).   The court after holding that the property was obtained for " public purposes " proceeded to apply the general legal principles applicable to restrictions on governmental powers as to such use and directed the discontinuance as sought.

We do not necessarily disagree with Special Term's analysis and application of the legal principles applicable to land acquired or held solely for public purposes, however, we consider the present limited record in a different perspective.

The issue of governmental power as to alienating the possession of premises owned by it from its citizens or the public in general is a legal issue, but the purposes for which the premises were granted and accepted must of necessity be determined upon the factual situation as contained in the record.

The record establishes that the village had leased the exclusive possession of a dock to Marine for the purpose of Marine's operating sight-seeing boats at an annual rental of $3,000. Marine's operation consists of transporting those persons purchasing tickets on a tour of the waters of Lake George.   The lease of the dock to the private entrepreneurs has been continuous, in substantially the same location, since April, 1946 and prior to the easement and the deed of parcel " D " referred to hereinafter.   It is one of the six docks owned by the village and is located upon a portion of the subject premises. Said parcel " D" contained a northerly frontage of approximately 1,036.09 feet, all of which was apparently land under water at the time of the conveyance in 1948.   The easement granted in 1955 is contiguous with 300 feet of a portion of the said northerly frontage of parcel " D" and extends 86 feet northerly and it appears

the dock in question extends to the northerly terminus of the easement.

Prior to the grant of the 1955 easement it appears that the village undertook a beach development program which resulted in a considerable amount of the lands under water conveyed by parcel "D" in 1948 being filled and thereby raised above the water level.

The easement which was granted pursuant to resolutions of the Board of Commissioners of the Land Office adopted in 1954 expressly granted: "The right and easement to erect a dock or docks for receiving boat dockage and for the right of ingress and egress to the waters of Lake George and for all other purposes incidental thereto". The said easement further provided as follows: "The easement hereby granted is restricted to the use for public boat rental and boat transportation facilities and at least one public docking space. No lease is to be entered into by the Village without prior approval of the Board of Commissioners of the Land Office".

The record establishes that as to the 1955 easement the grantor was aware that the village proposed to lease some of its docks, including the one in issue, and intended to permit such use by private enterprise. In this posture the 1955 easement cannot be construed as being for the limited purpose of permitting unrestricted access by the inhabitants of the village or the public at large to the waters of Lake George over the dock in question.

The 1948 conveyance of parcel "D" provided in part as follows: "These letters-patent are issued, however, and this grant is made and accepted upon the express condition that the title or interest hereby granted is limited to the sole purpose of erecting a dock or docks and dock facilities for the benefit of the Village of Lake George".

"Erecting docks * * * for the benefit of the Village of Lake George" connotes an intention to give the village authorities discretion as to the location, the use and control of the docks and the number thereof, et cetera, in its determination of what constitutes the best interest and benefit of the said village. It appears logical when considering the lease arrangements that were in existence prior to 1948, that the village authorities would give due consideration to the continuance of such a relationship, all other things being equal. Excerpts from the minutes of the proceedings of the Board of Commissioners of the Land Office for the year 1948 introduced in evidence as an exhibit establish that the application of the Village of Lake George was for five parcels of land designated as "A", "B", "C", "D" and

"E". Parcels "A", "B" and "C" were wanted for public park purposes and were *granted expressly for public park purposes* to the village by a conveyance in 1948 contemporaneously with the separate grant of parcels "D" and "E". The respondent, Lake George Steamboat Co., Inc., filed a "remonstrance" as to the application for a grant of parcel "D". It appears that in December of 1947 the Board of Commissioners of the Land Office offered all five parcels to the village for *public park purposes,* but that offer was not accepted by the village and eventually in February of 1948 the Commissioners resolved to convey parcel "D" for *erecting a dock or docks for the benefit of the Village.*

The distinction between the grant for public purposes of parcels "A", "B" and "C" and the grant of parcel "D" for the municipal purposes of the Village of Lake George by the Board of Commissioners of the Land Office was deliberate and appears to have been in contemplation of the practice of the village to lease premises for ingress and egress to the waters of Lake George to private enterprise. In our opinion the purpose and intent of the wording of the 1948 conveyance of parcel "D" and the acceptance thereof by the village was to promote at least in part the public enjoyment of the waters of Lake George by providing access by way of docks to boats for hire. Accordingly, upon the present limited record there is no showing that the premises in question were dedicated exclusively to a public use at least to the extent of prohibiting the authorities from leasing part of the said lake frontage for dock purposes to private interests, particularly when such relationship existed prior to the conveyance and there is evidence that the said frontage exceeded 1,000 feet, the present leasehold being 110 feet thereof.

The wording of the deed and the easement granting and covering the premises upon which the dock in issue is located should be resolved based upon the conditions known to all of the parties. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 124.)

In accordance with the foregoing analysis, we find that the premises in issue were neither granted nor accepted for the purpose of providing the public with the sole unrestricted access to the waters of the lake over the dock in issue so as to preclude a lease of the same to private enterprise.

It is apparent that the village, through its officials should have considerable discretion with reference to the use of the docks in determining what is for the benefit of the village. The present record does not demonstrate that there has been any clear dereliction by the village of its duties or legal obligations and the court should not intervene as a matter of law. Subdivision 65 of

section 89 of the Village Law expressly provides for the acquisition and construction of public docks and that charges for the use of such docks may be imposed. (Cf. *People ex rel. Swan* v. *Doxsee*, 136 App. Div. 400, affd. 198 N. Y. 605.) Subdivision 1 of section 2–200 of the Village Law provides that a village may lease such real property '' as the purposes of the corporation may require ''.

In arriving at this conclusion of permitted use it should be noted that our decision is based upon the present record. Whether the five-year term or any other provisions of the lease constituted the exercise of good judgment might be the subject of argument, but upon the present record there is no invalidity.

Recognizing that the Village of Lake George continues each year to attract more visitors and become more congested, its officials in the exercise of their discretion before entering into leases should determine if there is such a need for more public docking as would render the exclusive lease of any dock to private enterprise improvident and/or against the public good. The lease describes the lake frontage as being 110 feet; whether all of the remaining frontage is under private lease, with the exception of the public dock, we are unable to affirmatively determine from the present record. There is a statement in the record to the effect that at the time of trial a need for more public docks existed, but the statement standing alone is meaningless.

On the present record we are unable to conclude that the Village Board of the Village of Lake George improperly exercised its authority and discretion in entering into the lease, now in its fourth year of operation.

The judgment should be reversed, on the law and the facts, and the petition dismissed.

STALEY, JR., COOKE, SWEENEY and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.